1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID WAYNE JOHNSON,

11          Petitioner,                         No. CIV S-04-1236 MCE JFM P

12       vs.

13   J. WOODFORD, et al.,

14          Respondents.              FINDINGS & RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is serving a sentence of twenty-seven

18   years to life in prison following his 1983 conviction on charges of first degree murder with use of

19   a firearm.  Petitioner claims that his constitutional rights have been violated by the failure of the

20   California Board of Prison Terms (BPT) to set a "primary term" and a "maximum release date"

21   for him.

22                                    BACKGROUND

23          Petitioner is serving a sentence of twenty-seven years to life in prison as a result

24   of his 1983 conviction in state court on the charge of first degree murder with use of a firearm.

25   Ex. A to Answer to Petition for Writ of Habeas Corpus, filed Nov. 8, 2004, at 3.  Petitioner's

26   initial parole consideration hearing was held on December 1, 1999.  Id. at 10.  At that hearing,

                                         1

1  petitioner was denied parole for three years.  Id.  During the period following that hearing,

2  petitioner was found guilty of four prison rules violation reports, and he received two CDC-

3  128A's for "Conduct and Disobeying a Direct Order."  Id. at 11.

4  Petitioner's second parole consideration hearing was scheduled for March 12,

5  2003.  At that time, petitioner signed a waiver of hearing and stipulated to a finding of

6  unsuitability based on his "recent disciplinary issues."  Id. at 21.  Petitioner requested that a base

7  term be set for his sentence.  Id.  The request for a base term was denied.  Id. at 22.

8  ANALYSIS

9  I.  Standards of Review Applicable to Habeas Corpus Claims

10  Federal habeas corpus relief is not available for any claim decided on the merits in

11  state court proceedings unless the state court's adjudication of the claim:

12  (1) resulted in a decision that was contrary to, or involved an
   unreasonable application of, clearly established Federal law, as
13  determined by the Supreme Court of the United States; or

14  (2) resulted in a decision that was based on an unreasonable
   determination of the facts in light of the evidence presented in the
15  State court proceeding.

16  28 U.S.C. § 2254(d).

17  Under section 2254(d)(1), a state court decision is "contrary to" clearly

18  established United States Supreme Court precedents if it applies a rule that contradicts the

19  governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially

20  indistinguishable from a decision of the  Supreme Court and nevertheless arrives at different

21  result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406

22  (2000)).

23  Under the  "unreasonable application" clause of section 2254(d)(1), a federal

24  habeas court may grant the writ if the state court identifies the correct governing legal principle

25  from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the

26  prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ

1    simply because that court concludes in its independent judgment that the relevant state-court

2    decision applied clearly established federal law erroneously or incorrectly.  Rather, that

3    application must also be unreasonable."  Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63,

4    123 S.Ct. 1166, 1175 (2003) (it is "not enough that a federal habeas court, in its independent

5    review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

6          The court looks to the last reasoned state court decision as the basis for the state

7    court judgment.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court

8    reaches a decision on the merits but provides no reasoning to support its conclusion, a federal

9    habeas court independently reviews the record to determine whether habeas corpus relief is

10   available under section 2254(d).  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

11   II.  Petitioner's Claim

12         Petitioner claims that the BPT's denial of his request to set a base term before he

13   is found suitable for parole violated his federal constitutional right to due process of law.[1]

14   Petitioner's claim was rejected by the state courts in orders denying petitions for writ of habeas

15   corpus at each level of the state court system.  See Ex. B to Answer.  The state court of appeals

16   and the state supreme court summarily denied the petitions, while the superior court held that

17   petitioner had "failed to prove sufficient grounds for relief."  Id.

18         "California prisoners have a liberty interest in parole."  Hayward v. Marshall, 512

19   F.3d 536, 542 (9th Cir. 2008) (citing Sass v. California Board of Prison Terms, 461 F.3d 1123,

20   1127 (9th Cir. 2006)).  The liberty interest "arises as a result of California Penal Code § 3041(b),

21   which provides that, at a parole consideration hearing, the Board '*shall* set a release date unless it

22   determines that the gravity of the current convicted offense or offenses, or the timing and gravity

23

24         [1]  Petitioner also contends that his March 12, 2003 waiver of a parole consideration
25   hearing was signed "under duress."  Petition, filed June 28, 2004, at 8.  This contention does not
     appear to be the basis for a separate claim for relief; the gravamen of petitioner's claim is that he
26   was entitled to have a base term set before his suitability for parole is considered.  He seeks a
     new hearing after a base term and a maximum release date have been set.  Id. at 54.

1    of current or past convicted offense or offenses, is such that consideration of the public safety

2    requires a more lengthy period of incarceration.'  Cal. Penal Code § 3041(b)."  Id.

3            Because "parole-related decisions are not part of the criminal prosecution, the full

4    panoply of rights due a defendant in such a proceeding is not constitutionally mandated."

5    Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987) (internal quotations and

6    citation omitted).  Where, as here, parole statutes give rise to a protected liberty interest, due

7    process is satisfied in the context of a hearing to set a parole date where a prisoner is afforded

8    notice of the hearing, an opportunity to be heard and, if parole is denied, a statement of the

9    reasons for the denial.  Id. at 1390 (quoting Greenholtz, 442 U.S. at 16).  See also Morrissey v.

10   Brewer, 408 U.S. 471, 481 (1972) (describing the procedural process due in cases involving

11   parole issues).  Violation of state mandated procedures will constitute a due process violation

12   only if the violation causes a fundamentally unfair result.  Estelle, 502 U.S. at 65.

13           Petitioner's claim that the BPT is required to set a base term for his sentence

14   before it makes a determination regarding his suitability for parole is a question of state law.  As

15   a general rule, federal habeas corpus relief is "unavailable for alleged error in the interpretation

16   or application of state law."  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985), at 1085.

17   Petitioner's claim is not, therefore, cognizable in this federal habeas corpus action unless the

18   failure to set a base term prior to making a suitability determination is "fundamentally unfair."

19   Estelle, supra.

20           In In re Dannenberg, 34 Cal.4th 1061 (2005), the California Supreme Court

21   rejected the argument that the BPT is required by the provisions of California's parole statute,

22   California Penal Code § 3041, to set a base term for an individual serving an indeterminate life

23   sentence before determining that the individual is suitable for parole.  See id. at 1078-1095. The

24   liberty interest protected by the federal due process clause is not infringed by the practice of

25   setting a base term if and when an inmate is found suitable for parole.  The state courts' rejection

26   /////

4

1  of petitioner's claim is neither contrary to nor an unreasonable application of applicable

2  principles of clearly established federal law.

3         Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that

4  petitioner's application for a writ of habeas corpus be denied.

5         These findings and recommendations are submitted to the United States District

6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

7  days after being served with these findings and recommendations, any party may file written

8  objections with the court and serve a copy on all parties.  Such a document should be captioned

9  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

10  failure to file objections within the specified time may waive the right to appeal the District

11  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  DATED: February 19, 2008.

13

14  _____
    UNITED STATES MAGISTRATE JUDGE

15

16  12

17  john1236.157

18

19

20

21

22

23

24

25

26

5